# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES MARTIN BARRETT,<br><br>    Defendant. | Case No.  1:21-cv-00869-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM AND DENYING PLAINTIFF'S APPLICTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Cornel Jackson ("Plaintiff"), a pretrial detainee, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint and an application to proceed *in forma pauperis* filed on June 1, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Martin Barrett ("Defendant") who was appointed as his defense attorney in May of 2020.  (Compl. 1,[1] ECF No. 1.)  Prior to the appointment of counsel, Plaintiff was acting pro se in defending the action.  (Id.)  Plaintiff explained to Defendant about the misconduct documented by the police detectives, his prior defense counsel, the holding facility, doctors who worked on the case and fabricated false evidence which resulted in his unlawful incarceration, and the judge's disregard for his rights and intentional disregard of the law to cover up and interfere with Plaintiff's defense.  (Id.)  Defendant refused to investigate

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1 Plaintiff's allegations. (Id.)

2 Defendant claimed that he was receiving $60,000.00 to get Plaintiff to trial and Plaintiff immediately lost trust in Defendant who was picking up where his previous counsel left off. (Id.) Plaintiff filed complaints with the state bar and received favorable information from the trial counsel who is assessing complaints and categorizing the allegations. (Id., 2.) Plaintiff realized that Defendant was going to provide him with inadequate legal representation for his own financial gain. (Id.) Defendant has been ignoring the wrongdoing that Plaintiff exposed. Defendant has refused to help Plaintiff fight the misconduct, leaving Plaintiff to petition and fight the State's wrongdoing alone. (Id.) Plaintiff contends that Defendant's conduct results in ineffective assistance of counsel and is seeking monetary damages. (Id., 3-4.)

## III.

## DISCUSSION

Plaintiff brings this action against defense counsel who has been appointed to represent him in a criminal case. For the reasons addressed below, Plaintiff has failed to state a cognizable claim for a violation of his federal rights.

### A.    Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Here, Plaintiff is bringing this action under section 1983 against counsel who was appointed to represent him in his criminal case. (Decl. of Cornel Jackson, ¶ 2, ECF No. 1.) An individual acts under color of state law under section 1983 where he has "exercised power

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Being an employee with the state "is generally sufficient to render the defendant a state actor." West, 487 U.S. at 49. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Id. at 50. To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002).

However, it is well established that court appointed attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2–3 (E.D. Cal. Dec. 12, 2017); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017) ("A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments."); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Plaintiff's claims regarding Defendant clearly relate to his representation of Plaintiff in his criminal action and the attorney's performance of traditional lawyer functions. Plaintiff

4

cannot state a claim under section 1983 against Defendant because he is not a state actor.

### B. Ineffective Assistance of Counsel

To the extent that Plaintiff is challenging the adequacy of court-appointed counsel in his pending state criminal proceedings, this Court should abstain from exercising jurisdiction. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223.

This Court will not interfere in any on-going criminal proceedings currently pending against Plaintiff in state court because (1) resolution of this claim would have the practical effect of enjoining his ongoing criminal proceedings, and (2) the state proceedings implicate important state interests and provide plaintiff with an adequate opportunity to challenge the adequacy of counsel. See Herrera v. City of Palmdale, 918 F.3d 1037, 1044 (9th Cir. 2019) (holding that absent extraordinary circumstances abstention is required if (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so); Smith v. Cty. of Santa Clara, 223 F. App'x 701, 702 (9th Cir. 2007)[2] (holding that a pretrial detainee must raise his ineffective assistance of counsel claim in his ongoing criminal proceeding).

Extraordinary circumstances warranting federal intervention only exist " 'in cases of

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)); see also Equity Lifestyle Props., Inc. v. Cty. of San Luis Obispo, 548 F.3d 1184, 1196 (9th Cir. 2008) (as long as the constitutional claims can be determined in the state proceedings and there "is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain.")  Plaintiff has the ability to raise his ineffective assistance claim in the underlying criminal prosecution and has failed to allege any facts to support a conclusion that extraordinary circumstances warrant federal intervention in his pending state prosecution.

### C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

Here, the Court finds that it would be futile to grant Plaintiff leave to amend his complaint. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") It is therefore recommended that the complaint be dismissed without leave to amend.

## III.

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff seeks to proceed in this matter without prepayment of fees. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a

statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

"A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

Since Plaintiff's complaint fails to state a cognizable claim, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied.

### III.

### CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would state a claim in this action, and further amendment would be futile. See Hartmann, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

7

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed June 1, 2021, be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim; and

2. Plaintiff's application to proceed *in forma pauperis* de denied.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 14, 2021**

UNITED STATES MAGISTRATE JUDGE