UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES MARTIN BARRETT,<br><br>　　　　　Defendant. | No. 1:21-cv-00869-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 2, 3) |

　　　　Plaintiff Cornel Jackson is a state pretrial detainee proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 14, 2021, the assigned magistrate judge screened plaintiff's complaint and found that plaintiff had failed to state a cognizable § 1983 claim against defendant, his court-appointed defense counsel in his pending state court criminal proceedings, because "it is well established that court appointed attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client." (Doc. No. 3 at 4.)  In addition, to the extent plaintiff seeks in this action to challenge "the adequacy of court-appointed counsel in his pending state criminal proceedings," the magistrate judge found that this court should abstain from exercising jurisdiction based on *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), noting that "[p]laintiff has

1 the ability to raise his ineffective assistance claim in the underlying criminal prosecution and has
2 failed to allege any facts to support a conclusion that extraordinary circumstances warrant federal
3 intervention in his pending state prosecution." (*Id.* at 5–6.)  Accordingly, findings and
4 recommendations were issued recommending that plaintiff's complaint be dismissed, without
5 leave to amend, due to plaintiff's failure to state a cognizable claim upon which relief may be
6 granted.  (*Id.* at 6.)  The magistrate judge also recommended that plaintiff's application to proceed
7 *in forma pauperis* (Doc. No. 2) be denied because plaintiff's complaint lacks merit on its face.
8 (*Id.* at 7) (citing *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court
9 may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the
10 proposed complaint that the action is frivolous or without merit.")).  Those pending findings and
11 recommendations were served on plaintiff and contained notice that any objections thereto were
12 to be filed within thirty (30) days after service.  (*Id.* at 8.)  On July 19, 2021, plaintiff timely filed
13 objections to the pending findings and recommendations.  (Doc. No. 4.)

14       In his objections, plaintiff merely restates his argument that defendant Barrett has
15 allegedly not adequately represented plaintiff's interests in plaintiff's pending criminal
16 proceeding in state court.  (*Id.*)  Plaintiff does not address the analysis set forth in the pending
17 findings and recommendations or proffer allegations that he would include in an amended
18 complaint were he to be granted an opportunity to file an amended complaint.

19       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
20 *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
21 objections, the court concludes that the findings and recommendations are supported by the
22 record and by proper analysis.

23       Accordingly,

24       1.    The findings and recommendations issued on June 14, 2021 (Doc. No. 3) are
25            adopted in full;

26       2.    Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

27 /////
28 /////

3. This action is dismissed due to plaintiff's failure to state a claim; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 26, 2021**               /s/ Dale A. Drozd
                                              UNITED STATES DISTRICT JUDGE